IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DONNA ELIZABETH BARAN

    Plaintiff,


    v.                                                          CIVIL CASE NO.
                                                                6:09-CV-0410-JTC

RICHARD S. GRAHAM, et al.,

    Defendants.

## O R D E R

Pending before the Court is the Motion to Dismiss filed by Defendants

Assistant United States Attorney Lacy Rankin Harwell, Jr. and United

States District Court Judge Gregory A. Presnell [# 3].  Plaintiff, who is

proceeding *pro se*, brought this action in the Circuit Court of Volusia County,

Florida against numerous defendants as a result of adverse rulings in two

state court proceedings.  Plaintiff asserts claims against AUSA Harwell for

removing a cross-claim against the United States to federal court.  Similarly,

the claims against Judge Presnell arise from the performance of his duties as

a district court judge in ruling on a motion to dismiss.  Because both AUSA

Harwell and Judge Presnell are immune from liability for the actions taken

in performing their duties as a federal judge and attorney representing the United States, the Court **GRANTS** the motion to dismiss [# 3].

## I.   Background

This action arises out of two separate legal proceedings in the 7th Judicial Circuit Court of Volusia County, Florida.  In 2007, Washington Mutual Bank initiated a mortgage foreclosure against Plaintiff.  Because Plaintiff owes a substantial federal income tax liability, the Internal Revenue Service ("IRS") filed a notice of federal tax lien against her.  The IRS filed a lien foreclosure answer seeking to preserve its federal tax liens and right of redemption.  AUSA Harwell signed the lien foreclosure answer on behalf of the United States.

Plaintiff then filed a counterclaim against Washington Mutual Bank and a cross-claim against the United States.  The United States removed the action to the United States District Court for the Middle District of Florida, and the case was assigned to Judge Presnell.  Subsequently, the United States, through AUSA Harwell, moved to dismiss the cross-claim.  Judge Presnell granted the United State's motion to dismiss and dismissed with prejudice the cross-claim.  The Court then remanded the case to the state court.

2

Meanwhile, Plaintiff initiated a seperate action in the Circuit Court of Volusia County, Florida against Deborah Woodson, who is an employee of the Daytona Beach Community Credit Union.  This complaint alleged that funds were wrongfully removed from her bank account.  Attorney Tamara Gaines represented Woodson in the case, which was presided over by Judge David Foxman.

Plaintiff then amended her complaint and added Judge Foxman and Attorney Gaines as defendants.  Assistant Attorney General Diana Esposito appeared in the case to represent Judge Foxman and Attorney David Hood appeared on behalf of Attorney Gaines.  After the Clerk entered default against Judge Foxman, the case was transferred to Circuit Court Judge William Parsons.  After holding a hearing in the case, Judge Parsons set aside the default and dismissed the amended complaint.

After the dismissal of her complaint, Plaintiff filed a Petition for Declaratory Judgment in the Circuit Court for Volusia County.  The Petition names each of the attorneys and judges previously involved in the two proceedings as Defendants, including Judge Presnell and AUSA Harwell.  Plaintiff requests a stay of the two state court proceedings.  In addition, Plaintiff contends that the attorneys of record in these cases lack standing to

represent the parties, and she challenges the rulings made by the various judges involved in these proceedings.  Finally, the Petition states that:

> The joinder of Assistant United States Attorney, Lacy Rankin Harwell, Jr. and federal judge, Gregory A. Presnell, is proper for Harwell filing a cross-claim against Affiant without a valid claim and for removing Affiant's cross-claim against USA, [INC.]/IRS to federal court while the state court had exclusive jurisdiction over the validity of the alleged tax assessment that resulted in Presnell dismissing Affiant's cross-claim by the denial of due process of law, lack of subject matter jurisdiction, and denial of the court with exclusive subject matter jurisdiction.

(Petition at 12-13.)  Judge Presnell and AUSA Harwell removed the action to this Court.

## II.   Motion to Dismiss Standard

The purpose of a Rule 12(b)(6) motion is to determine whether the plaintiff's complaint states a claim for relief.  In considering a motion to dismiss, the Court must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  Ambrosia Coal & Constr. Co. v. Pages Morales, 482 F.3d 1309, 1316 (11th Cir. 2007); Powell v. United States, 945 F.2d 374, 375 (11th Cir. 1991).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th

Cir. 2007).  "[A] formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 127 S. Ct. at 1965.  Nor will mere labels and legal conclusions withstand a 12(b)(6) motion to dismiss.  <u>Id.</u>  Ultimately, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 1974.

## III.  Analysis

### A.  The Claims Against Judge Presnell

As a general rule, judges are absolutely immune from liability for damages for actions taken in their judicial capacity.  <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 1104-05 (1978); <u>Bolin v. Story</u>, 225 F.3d 1234, 1239 (11th Cir. 2000).  Federal judges are also immune to claims for injunctive and declaratory relief.  <u>Simmons v. Edmondson</u>, 225 F. App'x 787, 788 (11th Cir. 2007); <u>Bolin</u>, 225 F.3d at 1242; <u>Bryan v. Murphy</u>, 243 F. Supp 2d 1375, 1379 (N.D. Ga. 2003).  The doctrine of judicial immunity protects federal judges from suit, not just from the assessment of damages.  <u>Mireles v. Waco</u>, 502 U.S. 9, 11, 112 S. Ct. 286, 288 (1991).  "Besides protecting the finality of judgments or discouraging inappropriate collateral attacks, the <u>Bradley</u> Court concluded, judicial immunity also protected judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." <u>Forrester v. White</u>, 484 U.S. 219, 225, 108 S. Ct. 538,

543 (1988). Only where a judge acts in clear absence of all jurisdiction is he or she not immune from liability for actions taken in his or her judicial capacity. <u>Mireles</u>, 502 U.S. at 11-12, 112 S. Ct. at 288. A judge acts in clear absence of all jurisdiction where the judge completely lacks subject matter jurisdiction over the dispute. <u>Harris v. Deveaux</u>, 780 F.2d 911, 916 (11th Cir. 1986).

Plaintiff's claims against Judge Presnell stem from an Order he issued dismissing the cross-claim brought by Plaintiff against the United States. In granting the United State's motion to dismiss, Judge Presnell acted in his judicial capacity. Because Judge Presnell did not act in clear absence of all jurisdiction when he dismissed Plaintiff's cross-claim, he is entitled to absolute judicial immunity. Accordingly, the Court **GRANTS** the motion to dismiss as to all claims against Judge Presnell.

## B. The Claims against AUSA Harwell

Plaintiff added AUSA Harwell as a Defendant in this action as a result of her role in defending the United States against the cross-claim brought by Plaintiff. In addition to federal judges, "the Supreme Court has extended absolute immunity to various participants in the judicial process, whose duties are deemed vital to the administration of justice, to allow them to act independently and effectively, without fear of harassment." <u>Moore v.</u>

6

Schlesinger, 150 F. Supp 2d 1308, 1311 (M.D. Fla. 2001).  The Middle District

of Florida and other district courts in this Circuit have extended absolute

immunity to Assistant United States Attorneys performing their regular

advocacy function by defending the United States in a civil suit.  Moore, 150

F. Supp 2d at 1313; Bryan, 243 F. Supp 2d at 1380-81.

Extending absolute immunity to an AUSA is necessary in a case such

as this where a plaintiff who is unsatisfied with the rulings of a federal court,

adds the AUSA as a party in a subsequent civil action based on the litigation

strategy he or she utilizes in representing the United States.  As a court in

the Middle District of Florida explained when faced with a similar suit

against Assistant United States Attorneys based on the performance of their

advocacy function in defending the Postmaster General in a civil action, "the

need for absolute immunity is abundantly clear and is vitally necessary to

enable the Defendants to perform their essential function in the judicial

process without fear of harassment or intimidation." Moore, 150 F. Supp 2d at

1314.  Accordingly, AUSA Harwell is absolutely  immune from liability for

damages based on her actions taken in defending the United States in the

cross-claim brought by Plaintiff.

Plaintiff, however, also seeks declaratory and injunctive relieve against

AUSA Harwell.  In order to obtain declaratory or injunctive relief, a plaintiff

must establish that there was a violation of the law, that there is a serious risk of a continuing irreparable injury if the Court does not grant the relief sought, and the absence of an adequate remedy at law.  <u>Bolin</u>, 225 F.3d at 1242; <u>Moore</u>, 150 F. Supp 2d at 1314.  Here, Plaintiff has an adequate remedy at law; she could have appealed the district court's order dismissing the claims against the United States.  <u>Moore</u>, 150 F. Supp. 2d at 1314 (holding that plaintiff who brought action against AUSA had adequate remedy at law because he could appeal the adverse rulings to the Eleventh Circuit).  In addition, Plaintiff cannot demonstrate that AUSA Harwell violated any law in removing a cross-claim against the United States to federal court and then moving to dismiss the cross-claim.  Therefore, Plaintiff cannot establish that she is entitled to declaratory or injunctive relieve, and the Court **GRANTS** the motion to dismiss as to all claims against AUSA Harwell.

### C.   The Remaining Claims

AUSA Harwell and Judge Presnell removed this action to federal court on the basis of U.S.C. § 1442(a), which provides that any civil action commenced in a state court against any officer of the United States Courts or an officer of an agency of the United States for any acts under color of office may be removed to federal court.   Having dismissed the claims against AUSA Harwell and Judge Presnell, the Court declines to exercise supplemental

8

jurisdiction over the remaining claims and **REMANDS** this case to the Circuit Court of Volusia County.

## IV.   Conclusion

The Court **GRANTS** Defendants' motion to dismiss [# 3].  The Court **DISMISS** all claims asserted against AUSA Harwell and Judge Presnell and **DIRECTS** the Clerk to **TERMINATE** them as parties to this action.  The Court **REMANDS** this case to the Circuit Court of Volusia County. The Court **DIRECTS** the Clerk to **CLOSE** this case.

**SO ORDERED**, this 12th  day of June, 2009.

_____

JACK T. CAMP
UNITED STATES DISTRICT JUDGE